**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ARIEL SUAREZ ROSQUEDA,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-01875-DB** |
| | § | |
| **WARDEN,** *SPC El Paso, et al.,* | § | |
| **Respondents.** | § | |
| | § | |

**ORDER OF IMMEDIATE RELEASE**

On this day, the Court considered the above-captioned case. On July 10, 2026, Petitioner Ariel Suarez Rosqueda filed a "Petition for a Writ of Habeas Corpus Under § 2241," ECF No. 3. Petitioner is currently detained at El Paso Service Processing Center in El Paso, Texas in the Western District of Texas. *Id.* at 1. He argues his detention is unlawful and asks the Court to order his immediate release. *Id.* at 7. It appears Petitioner has a final order of removal to Cuba from 2024 and was most recently detained on December 31, 2025. ECF No. 11 at 2. Construed liberally, Petitioner alleges his detention is unlawful because he has spent over six months in custody and his removal is not significantly likely in the reasonably foreseeable future. Petitioner avers his removal to Cuba is not likely because the Cuban government will not accept him for repatriation. ECF No. 3-1 at 13. He also asserts removal to Mexico is not likely because he has not been given due process to assert fear-based claims prior to a third country removal. *Id.*

Respondents filed a response on July 17, 2026, ECF No. 11. Therein they advise they attempted to remove Petitioner to Mexico on March 9, 2026, under the Cuba Venezuela Nicaragua Haiti ("CVNH") repatriation agreement, but Petitioner stated he would not go to Mexico. ECF No. 11-1 at 1. "Mexico requires an alien to consent to deportation if not a citizen." *Id.* On March 15,

2026, was served with a failure to comply notice. *Id.* On April 30, 2026, Cuba denied Petitioner's repatriation. *Id.* at 2. Respondents advise that "while the timeline to remove Petitioner is currently unknown, [they] anticipate[] that removal will be possible in the near future." *Id.*

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found substantive due process violations because removal is not likely. *See Lambert v. Warden*, No. EP-26-CV-00427-DB, 2026 WL 926216 (W.D. Tex. Apr. 6, 2026) (ordering immediate release for Cuban national who refused consent to be removed to Mexico). As a threshold matter, the Court finds Petitioner meets his initial burden of providing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. *Jennings v. Rodriguez*, 138 S. Ct. 830, 843 (2018) (citing *Zadvydas*, 533 U.S. at 699). In their response, Respondents concede Petitioner cannot be removed to Cuba because Cuba denied his repatriation. *Id.* Further, based on Respondents' own assertions, removal to Mexico is not significantly likely. *Id.* Without any indication Petitioner will consent or that the Mexican government will accept Petitioner without it, there is no significant likelihood of removal in the reasonably foreseeable future.

Respondents also advise they are actively seeking alternative countries willing to accept Petitioner. ECF No. 11-1 at 2. But this Court cannot deem removal reasonably foreseeable so long as good faith efforts continue. Such a standard "would seem to require an alien seeking release to show the absence of any prospect of removal— no matter how unlikely or unforeseeable—which demands more than our reading of the statute can bear." *Zadvydas*, 533 U.S. at 701. Accordingly, the Court finds Respondents failed to rebut Petitioner's assertion that there is no *significant*

likelihood of his removal in the reasonably foreseeable future, making any continued detention unlawful.

## CONCLUSION

For the reasons stated above, Petitioner has established he is entitled to habeas relief based on *Zadvydas v. Davis* and the Fifth Amendment's Due Process Clause. Accordingly, the Court issues the following orders:

**IT IS HEREBY ORDERED** Petitioner's "Petition for a Writ of Habeas Corpus Under § 2241," ECF No. 3, is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** Respondents **SHALL IMMEDIATELY RELEASE** Petitioner from custody **by no later than July 22, 2026,** subject to reasonable conditions of supervision.

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory informing the Court of Petitioner's release **no later than June 23, 2026.**

**IT IS FURTHER ORDERED** that when Petitioner is released from custody, Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

**IT IS FURTHER ORDERED** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **no later than July 28, 2026.**

**IT IS FINALLY ORDERED** the District Clerk's Office **SHALL OVERNIGHT MAIL** a copy of this order to *pro se* Petitioner at the address on file.

**SIGNED** this **20th** day of **July 2026**.

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**